(20160.—

HELEN A. Y. STEINBARGER *et al.* Appellants, *vs.* THE CITY
OF MONMOUTH, Appellee.

*Opinion filed June 20, 1930—Rehearing denied October 21, 1930.*

J. W. CLENDENIN, for appellants.

FREDERICK H. LAUDER, City Attorney, (CHARLES E.
LAUDER, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from the county court of Warren
county overruling objections of appellants filed to a certifi-
cate of completion and acceptance of a local improvement,
presented to that court by the board of local improvements
of the city of Monmouth. The court entered judgment ap-
proving the certificate.

The improvement, known in this record as improvement
of district No. 92 in the city of Monmouth, was a project
for street paving. It originated with the board of local
improvements, who adopted a resolution for the same, pre-
pared and presented to the city council for the city of Mon-
mouth, with such resolution, an ordinance therefor. The
city council of that city is composed of a mayor and ten
aldermen and holds its regular meetings on the first and
third Monday of each month. The second regular meeting

of that body in July, 1929, was on the 15th day of July. This meeting was adjourned until the 26th day of that month, when the ordinance here in question was placed on passage and was lost by a vote of five to four and was declared lost by the mayor. The city council then adjourned without day. No motion was made prior to adjournment to reconsider the adoption of the ordinance. The next regular meeting of the city council was held on the 5th day of August succeeding. At this meeting one of the aldermen who voted against the ordinance at the July 26 meeting moved that the council reconsider the matter of the passage of the ordinance. This motion was carried by seven to two vote, and immediately the ordinance was placed on passage and by a vote of six for the ordinance and three against it was declared adopted by the mayor and signed by him. A petition was filed in the county court of Warren county in accordance with the directions of this ordinance and a commissioner appointed for the purpose of making and returning an assessment roll. The assessment roll was filed in due course, and, no objections being filed thereto, judgment was entered against all the property, including that of appellants, for the payment of the improvement, and the contract was let. On completion of the improvement the board of local improvements filed the petition and certificate of completion and acceptance here involved, to which appellants objected. Numerous objections were filed, some of which were stricken and others were overruled and judgment entered approving the certificate of the board of local improvements. The cause is brought here, and appellants urge that the county court did not have jurisdiction of the original proceeding under the purported improvement ordinance.

Section 84 of the Local Improvement act (Cahill's Stat. 1929, p. 359,) specifies and directs the proceedings to be taken under a certificate of completion and acceptance. It also provides "the court shall hear and determine the same

464

in a summary manner and shall enter an order according to the fact. Such order of the court shall be conclusive upon all the parties, and no appeal therefrom, or writ of error thereto, shall be allowed to review or reverse the same." Appellants are without a right of appeal from the order approving the certificate of completion and acceptance, and their appeal will be dismissed. *Appeal dismissed.*